# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GLOVIS ALABAMA, LLC, ) | |
|     Plaintiff/Counter-defendant, ) | |
| ) | |
| v. ) | CIVIL ACTION 18-00521-KD-N |
| ) | |
| RICHWAY TRANSPORTATION SERVICES ) | |
| INC., ) | |
|     Defendant/Counter-claimant. ) | |

## ORDER

This matter is before the Court on Defendant/counter-claimant Richway Transportation Services, Inc. (Richway)'s motion for leave to amend its answer, affirmative defenses and counterclaims. (Doc. 33).

On November 12, 2018, Plaintiff/counter-defendant Glovis Alabama, LLC (Glovis) initiated this action against Richway in the Circuit Court of Mobile County, Alabama (*Glovis Alabama, LLC v. Richway Transp. Servs., Inc.,* 02-CV-2018-902866). (Doc. 1-1). Based on Richway's alleged indebtedness related to a contract regarding certain leased equipment, Glovis alleged breach of lease, replevin, and unjust enrichment, and seeks an order for the release of property and for monetary damages ($370,506.00), pre/post judgment interest, attorney's fees, and costs. On December 14, 2018, Richway removed this case to this Court on the basis of federal diversity subject matter jurisdiction. (Doc. 1).

On December 21, 2018, Richway answered and counterclaimed against Glovis for "suit on sworn account pursuant to Ala. Code § 12-21-111," breach of contract, promissory estoppel, and fraud. (Doc. 2). Richway seeks $474,524.65 in actual and liquidated damages, pre/post judgment interest, attorney's fees, and costs. (Id.) Richway denies that it is in default and/or that it owes

1

any payments to Glovis, "because such amounts were deducted" from Glovis' "outstanding payables owed to Richway."

On April 12, 2019, Glovis moved for a Rule 65 injunction and, or in the alternative, for a Rule 64 writ of seizure. (Doc. 28). On April 30, 2019, Richway moved to amend its answer/counterclaim because it discovered that the equipment at issue is not owned by Glovis: "[r]eview of State of Alabama Certificates of Title confirm the majority -- and likely all -- of the Equipment is owned by Richardson Alabama Equipment Leasing, Inc….which is not a party to the Lease Agreement…Alabama Department of Revenue license and registration receipts similarly identify RAEL as the owner of such Equipment." (Doc. 33 at 3). Richway has also added a counterclaim for *quantum meruit*. While given the opportunity to file a response to Richway's motion for leave to amend (Doc. 34), none has been filed by Glovis.

At this stage in the litigation, the ability to amend under Rule 15(a)(1) has passed, leaving Rule 15(a)(2) as the vehicle for Richway's amendment. Rule 15(a) of the Federal Rules of Civil Procedure governs amendments, and absent Glovis' consent, leave of court is required. Leave should be freely given "when justice so requires," except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

2

futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

While cases addressing a proposed amended answer are sparse, this Court has derived guidance from analogous authorities relating to amended complaints. See, e.g., Bartronics, 245 F.R.D. at 535 (citing Arista Records, Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 419 (D.N.J. 2005) (stating that "[t]he same standard applies to motions for leave to amend both complaints and answers[]"). Additionally, in Foman, the Supreme Court explained that leave should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief." Foman, 371 U.S. at 182. Therefore, "there must be a substantial reason to deny a motion to amend." Laurie v. Ala. Ct. of Crim.App., 256 F.3d 1266, 1274 (11th Cir. 2001). Overall the Federal Rules favor allowing amendments. Dussouy v. Gulf Coast Invest. Co., 660 F.2d 594, 597 (5th Cir. 1981) (finding that "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading[]"). Also, "[t]his Circuit has accepted a policy of liberal amendment." U.S. for Use and Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co. 831 F.2d 978, 983 (11th Cir. 1987) (citing Longhan v. Firestone Tire & Rubber Co., 749 F.2d 1519 (11th Cir. 1985) and Dussouy, 660 F.2d 594).

There is no written consent filed by Glovis. However, Glovis was given the opportunity to file an opposition, but did not do so. Richway's motion then, appears unopposed. Additionally, upon consideration of the relevant factors, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to Glovis via the amendment, and/or futility. Thus, as the Court is instructed to "freely give leave" to amend "when

justice so requires" -- and cannot presently discern "a substantial reason" to deny same -- it is

**ORDERED** that Richway's motion to amend (Doc. 33) is **GRANTED.**

**DONE** and **ORDERED** this the **24th** day of **May 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**