**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| GLOVIS ALABAMA, LLC, )<br>      **Plaintiff/Counter-defendant,** )<br>)<br>v. )<br>)<br>RICHWAY TRANSPORTATION SERVICES )<br>INC., )<br>      **Defendant/Counter-claimant.** ) | CIVIL ACTION 18-00521-KD-N |

**ORDER**

This matter is before the Court on non-party Richardson Alabama Equipment Leasing, Inc.'s Rule 24(a) Motion to Intervene (Doc. 35) and Plaintiff's opposition thereto (Doc. 40).

**I.**     **Background**

On November 12, 2018, Glovis initiated this action against Richway in the Circuit Court of Mobile County, Alabama (*Glovis Alabama, LLC v. Richway Transp. Servs., Inc.,* 02-CV-2018-902866). (Doc. 1-1). Based on Richway's alleged indebtedness related to a contract regarding certain leased equipment, Glovis alleged breach of lease, replevin and unjust enrichment, and seeks an order for the release of property and for monetary damages ($370,506), pre and post judgment interest, attorney's fees, and costs. On December 14, 2018, Richway removed this case to this Court on the basis of federal diversity subject matter jurisdiction. (Doc. 1). On December 21, 2018, Richway answered and counterclaimed against Glovis for "suit on sworn account pursuant to Ala. Code § 12-21-111," breach of contract, promissory estoppel, and fraud. (Doc. 2). Richway seeks $474,524.65 in actual and liquidated damages, pre/post judgment interest, attorney's fees, and costs. (Id.) Richway denies that it is in default and/or that it owes any payments to Glovis, "because such amounts were deducted" from Glovis' "outstanding payables owed to Richway."

On April 30, 2019, Richway moved to amend its answer/counterclaim because it

1

discovered that the equipment at issue is not owned by Glovis: "[r]eview of State of Alabama Certificates of Title confirm the majority -- and likely all -- of the Equipment is owned by Richardson Alabama Equipment Leasing, Inc….which is not a party to the Lease Agreement…Alabama Department of Revenue license and registration receipts similarly identify RAEL as the owner…." (Doc. 33 at 3). Richway also added a counterclaim for *quantum meruit*. While given the opportunity to file a response to Richway's motion for leave to amend (Doc. 34), none was filed by Glovis. On May 24, 2019, Richway's motion was granted, and on May 28, 2019, Richway filed its amended answer/counterclaims. (Doc. 37).

On May 24, 2019, Richardson Alabama Equipment Leasing, Inc. (RAEL) filed a Rule 24(a)(2) motion to intervene.[1] (Doc. 35). In so doing, RAEL asserts that it, not Glovis, is the true owner of the leased equipment, and so seeks to intervene to protect its ownership and possessory rights. Specifically, per RAEL:

> ….Plaintiff…neither owns nor maintains any possessory interest in the Equipment…. The Equipment was acquired by Intervenor directly from Transcraft Corporation in June and July of 2016, and thereafter registered and titled in Intervenor's name. [ ] The Equipment has remained under Intervenor's ownership and control since it was acquired. [ ]
>
> …Plaintiff does not maintain any legal ownership, possessory, or security interest in any of the Equipment at issue. Intervenor has not transferred, granted, or otherwise conferred any ownership, possessory, or security interest in the Equipment to Plaintiff. [ ] Intervenor and Plaintiff have not entered into ***any*** agreements with respect to the Equipment. [ ] Plaintiff….has never even been in possession of the Equipment…
>
> …Plaintiff contends that is it has contractual and legal rights to immediate possession of the Equipment…despite a complete and utter absence of same. Plaintiff contends it may repossess, sell, or release the Equipment, despite not having any legal ownership or possessory interest in any of the Equipment in issue….Plaintiff may not "repossess" property that it never possessed to begin with, and cannot "sell" what it does not own.

---

[1] Construed as such because while RAEL cites Rule 24(a) (intervention as a matter of right) *and* Rule 24(b) (permissive intervention) in its motion, the crux of RAEL's argument is rooted in its ability to intervene as a matter of right due to its claimed ownership in the equipment (property).

2

> ….Intervenor…maintains the only legal ownership and possessory interest in the Equipment…not Plaintiff. Intervenor claims that right pursuant to State of Alabama Certificates of Title and Alabama Department of Revenue license and registration receipts…..

(Doc. 35 at 3-4 (footnotes omitted, emphasis in original)).

On May 31, 2019, Glovis filed its opposition, contending that Richway is acting "surreptitious[ly]" and in bad faith with RAEL, to take Glovis' equipment without payment, when RAEL is not a necessary party. (Doc. 40). Glovis argues that the motion is untimely, RAEL is not necessary because it is not a party to the Glovis-Richway equipment lease agreement, "it could not logically be the owner" of the equipment per Richway's answers, and RAEL and Richway are related entities simply working together to avoid payment to Glovis.

## II.  Discussion

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:…**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

See, e.g., Technology Training Assoc. v. Buccaneers Ltd. Pp., 874 F.3d 692, 695-696 (11th Cir. 2017) (a party seeking to intervene via Rule 24(a)(2) must show: 1) the application is timely; 2) an interest relating to the property or transaction which is the subject of the action; 3) the party is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect his interest; and 4) its interest is represented inadequately by the litigating parties).

Glovis seeks monies owed as well as the return/repossession of equipment based on a lease contract executed with Richway. However, RAEL now seeks to intervene on the grounds that Glovis has no legal ownership, possessory or security interest in the equipment, because RAEL acquired the equipment in June/July 2016 which has since remained under its ownership/control.

3

(Doc. 35 at 3). RAEL argues that Glovis "has never even been in possession of the Equipment…" (Id.) RAEL adds that because Glovis' Rule 65/Rule 64 motion "directly implicates whether Plaintiff maintains a[n] ownership, possessory, or security interest in the subject Equipment, and Intervenor owns and controls possession of said Equipment, Intervenor is the real party in interest….there is no question that Intervenor has a substantial interest in the outcome of this litigation and that no other parties can adequately protect that interest. Intervenor is thus entitled to intervene as of right …." (Id. at 4).

At the outset, the Court considers timeliness. "Rule 24 fails to define it [the timeframe], and the Advisory Committee Note furnishes no clarification. As a result, the question…is largely committed to the discretion of the district court, and its determination will not be overturned on appeal unless an abuse of discretion is shown. See, e.g., Stallworth v. Monsanto, 558 F.2d 257, 263 (5th Cir. 1977) (discussing same within the framework of four (4) factors).[2] Overall, timeliness is determined from the surrounding facts and circumstances. Id.

As to the first and second factors, nothing before the Court indicates that an inordinate amount of time has passed during which RAEL actually knew or should have known of its interest in the case before filing the present motion and/or that prejudice will result to the existing parties Glovis and Richway. The case was filed in mid-December 2018 and the current Rule 65/64 motion

---

2  These consist of:
(1) The length of time during which the would-be intervenor actually knew or should have known of his interest in the case before it petitioned for leave to intervene.
(2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the case.
(3) The extent of the prejudice that the would-be intervenor may suffer if its petition for leave to intervene was denied.
(4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

on April 12, 2019.  Additionally, the Rule 16(b) Scheduling Order issued on February 11, 2019, at which time discovery commenced (and does not end until September 30, 2019).  (Doc. 25).  If allowed to intervene, all parties will be able to conduct the necessary discovery in support of their respective claims.  Regarding the third factor, if the motion is denied, the potential for significant prejudice to RAEL exists if found to be the owner of the equipment and the equipment is re-possessed by Glovis instead. Finally, the existence of unusual circumstances militate for a timeliness determination.  Namely, that there is -- somewhat suddenly -- a true dispute as to ownership of the equipment at the center of this litigation, a matter which must be resolved.  Upon consideration of the relevant factors, the Court finds RAEL's motion timely.

Second, the Court finds that RAEL has sufficiently asserted an interest in the equipment which is the subject of the action; that it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect its interest; and that its interest is represented inadequately by the existing parties in the litigation.  Indeed, RAEL's assertion is supported by its evidentiary submissions (Doc. 35-1 (including Affidavit and certificates of title)), which support its claim to ownership in the equipment.  Specifically, to establish the sufficiency of its interest under Rule 24(a)(2), RAEL faces a "flexible" test which assesses whether its interest is "direct, substantial, and legally protectable" such that it is "at least a real party in interest in the transaction which is the subject of the proceeding."  GPI AL-N, Inc. v. Nissan North America, Inc., 2018 WL 4323923, *3 (S.D. Ala. Sept. 10, 2018 (citing Huff v. Commissioner of IRS, 743 F.3d 790, 796 (11th Cir. 2014) (citations and internal marks omitted)). "Under any reasonable construction," RAEL has sufficiently alleged a direct, substantial and legally protectable interest in the equipment.  Id.  RAEL's interest does not appear "speculative, indirect or ancillary" given the Affidavit and certificates of title to the equipment submitted to the Court.  As such, the facts and

circumstances satisfy the protectable interest requirement and support the conclusion that RAEL should have an opportunity to intervene. Id. Moreover, RAEL's claimed interest -- ownership of the equipment at issue -- would necessarily be inadequately represented by the existing parties (Glovis and Richway) as purported non-owners of said equipment.

Upon consideration, it is **ORDERED** that Richardson Alabama Equipment Leasing, Inc.'s Rule 24(a) Motion to Intervene (Doc. 35) is **GRANTED.**

**DONE** and **ORDERED** this the **5th** day of **June 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**