IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLOVIS ALABAMA, LLC, )<br>       Plaintiff/Counter-defendant, )<br>)<br>v. )<br>)<br>RICHWAY TRANSPORTATION SERVICES )<br>INC., )<br>       Defendant/Counter-claimant. )<br>)<br>RICHARDSON ALABAMA EQUIPMENT )<br>LEASING, INC., )<br>       Intervenor Defendant. ) | CIVIL ACTION 18-00521-KD-N |

**ORDER**

This matter is before the Court on Plaintiff's amended complaint (Doc. 58), Defendant Richway Transportation Services, Inc.'s motion to strike and motion to stay, or in the alternative to extend the time within which to respond to Plaintiff's amended complaint (Doc. 62), Plaintiff's response (Doc. 65), and Defendant Richway's reply (Doc. 66).

**I.     Background**

On November 12, 2018, Plaintiff Glovis Alabama, LLC (Glovis) initiated this action against Richway Transportation Services, Inc. (Richway) in the Circuit Court of Mobile County, Alabama (*Glovis Alabama, LLC v. Richway Transp. Servs., Inc.,* 02-CV-2018-902866). (Doc. 1-1). Based on Richway's alleged indebtedness related to a contract regarding certain leased equipment, Glovis alleges breach of lease, replevin and unjust enrichment, and seeks an order for the release of property and for monetary damages ($370,506), pre and post judgment interest, attorney's fees, and costs.

On December 14, 2018, Richway removed this case to this Court on the basis of federal diversity subject matter jurisdiction. (Doc. 1). On December 21, 2018, Richway answered and

1

counterclaimed against Glovis for "suit on sworn account pursuant to Ala. Code § 12-21-111," breach of contract, promissory estoppel, and fraud. (Doc. 2). Richway seeks $474,524.65 in actual and liquidated damages, pre/post judgment interest, attorney's fees, and costs. (Id.)  Richway denies that it is in default and/or that it owes any payments to Glovis, "because such amounts were deducted" from Glovis' "outstanding payables owed to Richway."  Also on this date, Richway filed its disclosure statement asserting that it is Texas corporation with its principal place of business in Houston, Texas. (Doc. 3 at 1; Doc. 37 at 2 at ¶2).

On December 27, 2018, the Court ordered Richway to supplement its removal with citizenship information for Glovis, due to a deficiency in the allegations for a limited liability company (LLC), **i.e., an LLC's citizenship is determined by the LLC members' citizenship not where the LLC was formed or the LLC's principal place of business**. (Doc. 6). On January 2, 2019, Glovis filed its disclosure statement asserting that it is an Alabama LLC with its principal place of business in Montgomery, Alabama, listing its parent company as the only reportable entity -- Glovis America, Inc., a California corporation.  (Doc. 7).  On January 3, 2019, Richway supplemented its removal, specifying that the LLC's only member, Glovis America, Inc., is a **California** corporation with its principal place of business is Irvine, **California**. (Doc. 10 at 2 at ¶4).

On April 12, 2019, Glovis moved for a Rule 65 preliminary injunction and Rule 64 writ of seizure against Richway, which was set for an April 18, 2019 hearing.  (Doc. 28; Doc. 29).  At the parties' request, the hearing and relevant deadlines were re-set to June 2019.  (Doc. 30; Doc. 32).

On April 30, 2019, Richway moved to amend its answer/counterclaim as it discovered that the equipment at issue is not owned by Glovis: "[r]eview of State of Alabama Certificates of Title confirm the majority -- and likely all -- of the Equipment is owned by Richardson Alabama

Equipment Leasing, Inc….which is not a party to the Lease Agreement…Alabama Department of Revenue license and registration receipts similarly identify RAEL as the owner…." (Doc. 33 at 3). Richway also added a counterclaim for *quantum meruit*. While given the opportunity to respond to Richway's motion (Doc. 34), Glovis did not do so. On May 24, 2019, Richway's motion was granted, and on May 28, 2019, Richway filed its amended answer/counterclaims. (Doc. 37).

On May 24, 2019, Richardson Alabama Equipment Leasing, Inc. (RAEL) filed a Rule 24(a)(2) motion to intervene.[1] (Doc. 35). RAEL asserted that it, not Glovis, is the true owner of the equipment, and sought intervention to protect its rights. Specifically, per RAEL:

> ….Plaintiff…neither owns nor maintains any possessory interest in the Equipment…. The Equipment was acquired by Intervenor directly from Transcraft Corporation in June and July of 2016, and thereafter registered and titled in Intervenor's name. [ ] The Equipment has remained under Intervenor's ownership and control since it was acquired. [ ]
>
> …Plaintiff does not maintain any legal ownership, possessory, or security interest in any of the Equipment at issue. Intervenor has not transferred, granted, or otherwise conferred any ownership, possessory, or security interest in the Equipment to Plaintiff. [ ] Intervenor and Plaintiff have not entered into *any* agreements with respect to the Equipment. [ ] Plaintiff….has never even been in possession of the Equipment…
>
> …Plaintiff contends that is it has contractual and legal rights to immediate possession of the Equipment…despite a complete and utter absence of same. Plaintiff contends it may repossess, sell, or release the Equipment, despite not having any legal ownership or possessory interest in any of the Equipment in issue….Plaintiff may not "repossess" property that it never possessed to begin with, and cannot "sell" what it does not own.
>
> ….Intervenor…maintains the only legal ownership and possessory interest in the Equipment…not Plaintiff. Intervenor claims that right pursuant to State of Alabama Certificates of Title and Alabama Department of Revenue license and registration receipts…..

(Doc. 35 at 3-4 (footnotes omitted, emphasis in original)).

On May 31, 2019, Glovis opposed, contending that Richway is acting "surreptitious[ly]"

---

[1] Construed as such because while RAEL cites Rule 24(a) (intervention as a matter of right) *and* Rule 24(b) (permissive intervention) in its motion, the crux of RAEL's argument is rooted in its ability to intervene as a matter of right due to its claimed ownership in the equipment (property).

and in bad faith with RAEL, to take Glovis' equipment without payment, when RAEL is not a necessary party. (Doc. 40). Glovis argues that the motion is untimely, RAEL is not necessary as it is not a party to the Glovis-Richway equipment lease agreement, "it could not logically be the owner" of the equipment per Richway's answers, and RAEL and Richway are related entities simply working together to avoid payment to Glovis.

On June 5, 2019, this Court granted RAEL's motion to intervene. (Doc. 41). In so doing, the Court concluded as follows, discussing Fed.R.Civ.P. Rule 24(a)(2):

> Glovis seeks monies owed as well as the return/repossession of equipment based on a lease contract executed with Richway. However, RAEL now seeks to intervene on the grounds that Glovis has no legal ownership, possessory or security interest in the equipment, because RAEL acquired the equipment in June/July 2016 which has since remained under its ownership/control. (Doc. 35 at 3). RAEL argues that Glovis "has never even been in possession of the Equipment…" (Id.) RAEL adds that because Glovis' Rule 65/Rule 64 motion "directly implicates whether Plaintiff maintains a[n] ownership, possessory, or security interest in the subject Equipment, and Intervenor owns and controls possession of said Equipment, Intervenor is the real party in interest….there is no question that Intervenor has a substantial interest in the outcome of this litigation and that no other parties can adequately protect that interest. Intervenor is thus entitled to intervene as of right …." (Id. at 4).
>
> At the outset, the Court considers timeliness. "Rule 24 fails to define it [the timeframe], and the Advisory Committee Note furnishes no clarification. As a result, the question…is largely committed to the discretion of the district court, and its determination will not be overturned on appeal unless an abuse of discretion is shown. See, e.g., Stallworth v. Monsanto, 558 F.2d 257, 263 (5th Cir. 1977) (discussing same within the framework of four (4) factors).[2] Overall, timeliness is determined from the surrounding facts and circumstances. Id.
>
> As to the first and second factors, nothing before the Court indicates that an inordinate amount of time has passed during which RAEL actually knew or should have known of its interest in the case before filing the present motion and/or that prejudice will result to the existing parties Glovis and Richway. The case was filed in mid-December 2018 and the current Rule 65/64 motion on April 12, 2019. Additionally, the Rule 16(b) Scheduling Order issued on February 11, 2019, at which time discovery commenced (and does not end until September 30, 2019). (Doc. 25). If allowed to intervene, all parties will be able to conduct the necessary discovery in support of their respective claims. Regarding the third factor, if the motion is denied, the potential for significant prejudice to RAEL exists if found to be the owner of the equipment and the equipment is re-possessed by Glovis instead. Finally, the existence of unusual circumstances militate for a timeliness

4

determination. Namely, that there is -- somewhat suddenly -- a true dispute as to ownership of the equipment at the center of this litigation, a matter which must be resolved. Upon consideration of the relevant factors, the Court finds RAEL's motion timely.

Second, the Court finds that RAEL has sufficiently asserted an interest in the equipment which is the subject of the action; that it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect its interest; and that its interest is represented inadequately by the existing parties in the litigation. Indeed, RAEL's assertion is supported by its evidentiary submissions (Doc. 35-1 (including Affidavit and certificates of title)), which support its claim to ownership in the equipment. Specifically, to establish the sufficiency of its interest under Rule 24(a)(2), RAEL faces a "flexible" test which assesses whether its interest is "direct, substantial, and legally protectable" such that it is "at least a real party in interest in the transaction which is the subject of the proceeding." GPI AL-N, Inc. v. Nissan North America, Inc., 2018 WL 4323923, *3 (S.D. Ala. Sept. 10, 2018 (citing Huff v. Commissioner of IRS, 743 F.3d 790, 796 (11th Cir. 2014) (citations and internal marks omitted)). "Under any reasonable construction," RAEL has sufficiently alleged a direct, substantial and legally protectable interest in the equipment. Id. RAEL's interest does not appear "speculative, indirect or ancillary" given the Affidavit and certificates of title to the equipment submitted to the Court. As such, the facts and circumstances satisfy the protectable interest requirement and support the conclusion that RAEL should have an opportunity to intervene. Id. Moreover, RAEL's claimed interest -- ownership of the equipment at issue -- would necessarily be inadequately represented by the existing parties (Glovis and Richway) as purported non-owners of said equipment.

\*\*\*

[FN 2] These consist of:
(1) The length of time during which the would-be intervenor actually knew or should have known of his interest in the case before it petitioned for leave to intervene.
(2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the case.
(3) The extent of the prejudice that the would-be intervenor may suffer if its petition for leave to intervene was denied.
(4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

\*\*\*

(Doc. 41). On June 6, 2019, the seizure and injunctive hearing was cancelled, and the Rule 65/64 motion held in abeyance until such time as the parties conducted discovery on the issue of ownership of the equipment at issue. (Doc. 43).

On July 16, 2019, RAEL filed its answer asserting that RAEL's principal place of business is in Axis, Alabama. (Doc. 53 at 2). On July 23, 2019, RAEL filed its disclosure stating that it is

an Alabama corporation with its principal place of business in Axis, Alabama, and that "related entities" include Defendant Richway Transportation Services, Inc. (Doc. 56).

On July 25, 2019, Glovis filed an amended complaint against *both* RAEL and Richway, as named defendants. (Doc. 58). In the amended complaint, Glovis asserts that it is an Alabama limited liability company; that Richway is a Texas corporation with its principal place of business in Axis, Alabama; and (incorrectly) that RAEL is a Texas corporation with its principal place of business in Axis, Alabama. Glovis also asserts new claims against RAEL and Richway.

On August 8, 2019, Richway moved to strike Glovis' amended complaint as untimely (given the May 1, 2019 amendment deadline per Doc. 25 (the Rule 16(b) Scheduling Order)) and filed without leave of Court or consent, and because it endeavors to unilaterally join the nondiverse intervenor RAEL as a direct defendant in this removed case, is prejudicial because it raises new legal theories against Richway, and misrepresents and/or misstates this Court's continuing subject matter jurisdiction under Section 1332. (Doc. 62 at 1-2). Richway adds that RAEL is not a Texas corporation, but an Alabama corporation, principally located in Axis, Alabama. (Doc. 62 at 9). As such, Richway moves to strike the Amended Complaint in its entirety.

On August 18, 2019, Glovis filed its opposition on a number of grounds, adding that the Court should remand this case as -- due to the joinder or addition of RAEL as a direct defendant -- jurisdiction is now lacking. (Doc. 65). Glovis apparently moves for this Court to remand the case due to a lack of diversity jurisdiction based on RAEL's Alabama citizenship, and Glovis' claimed Alabama citizenship. On August 21, 2019, Richway replied that RAEL is a nondiverse intervenor defendant, but that diversity is not destroyed post-removal because though necessary, RAEL is a dispensable party. (Doc. 66).

6

## II. <u>Discussion</u>

As an initial matter, and as detailed *supra*, RAEL moved to intervene under Fed.R.Civ.P 24 -- as a matter of right -- and that motion was granted. RAEL, as of the date that Order issued, became an intervenor defendant.[2] With the filing of Glovis' amended complaint there has thus been no "addition" or "joinder" (or attempted addition/joinder) of RAEL, as alleged by Glovis and/or RAEL; rather, *RAEL was an existing party at the time the amended complaint was filed*. In that regard, the parties' Rule 19 and Section 1447 arguments are irrelevant. See, e.g., Nelson v. Whirlpool Corp., 727 F.Supp.2d 1294, 1298-1302 (S.D. Ala. Aug. 4, 2010) (discussing a post-removal motion by plaintiff to amend the complaint embedded in which was a motion to remand to state court, and finding joinder and Section 1447 analyses wholly inapplicable to jurisdictional assessments with an "existing party").

Second, the Court construes Glovis' opposition to Richway's motion to strike as a motion for leave to file its amended complaint, which in the Court's discretion is **GRANTED.** Additionally, the Court construes Glovis' amended complaint as filed under Fed.R.Civ.P. Rule 15(a)(2). Moreover, the Court **DENIES** Richway's motion to strike the amended complaint, but

---

[2] Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 539 at note * (1986):

> An intervenor as of right becomes a party to the action because "the disposition of the action may as a practical matter impair or impede his ability to protect that interest," Fed.Rule Civ.Proc. 24(a)….

See also e.g., Vazzo v. City of Tampa, 2018 WL 1629216, *5 (M.D. Fla. Mar. 15, 2018) ("When a court grants intervention, the intervenor becomes a party to the cause of action[]"); Title Pro Closings, L.L.C. v. Tudor Ins. Co., 840 F.Supp.2d 1299, 1303 (M.D. Ala. 2012) (See Ala. R. Civ. P. 24 cmt. ("An order authorizing intervention is, of course, necessary before the would-be intervenor becomes a party[]"); U.S. v. Stohr, 816 F.Supp. 705, 706 (N.D. Ala. 1993) (a bank was allowed "to intervene and thus to become a party, a procedure which had been suggested by the Eleventh Circuit in *United States v. Franklin, 792 F.2d 998 (11th Cir.1986)*. This court had always been under the impression that an intervenor becomes an actual party with all of the procedural rights of the other parties to the cause[]").

**GRANTS** Richway's request for a 14-day extension from the date of this order to respond to Glovis' amended complaint.

At this stage in the litigation -- after the Rule 16(b) deadline to amend pleadings has passed, the ability to amend under Rule 15(a)(1) as a matter of course has passed, leaving Rule 15(a)(2) as the vehicle for amendment. In this posture, absent Richway's consent, leave of court is required. Leave should be freely given "when justice so requires," except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

Glovis filed its amended complaint on the heels of RAEL's June 5, 2019 inclusion in this case as an intervenor defendant (per Court order) and RAEL's July 16, 2019 Answer. While the deadline to amend pleadings expired on May 1, 2019, the motion to intervene and order on same were not even filed until *after* that deadline. The Court's grant of Rule 24 intervention to RAEL is an event sufficient to support departure from the Rule 16(b) Scheduling Order, as justice so requires, to permit an amended complaint by Glovis so that it may assert its claims against RAEL.

Additionally, while Richway references prejudice and futility in its motion to strike Glovis' amended complaint, it fails to buttress same with persuasive contentions that are not factually disputed. Indeed, there is no evidence of futility and the Court cannot discern any based upon the submissions. As for undue prejudice, while given the opportunity to oppose RAEL's intervention, Richway did not do so. (Doc. 38). Rather, Richway embraced RAEL's position regarding ownership of the equipment, noting that RAEL's facts are "confirm[ed]." (Doc. 39 at 2). For example, Richway states that "in light of the motion for intervention filed by RAEL and the evidence submitted in support….RAEL -- not Richway -- is the only party with rights in the equipment[]" and "RAEL, not Glovis, is the actual title holder of the Equipment[.]" (Id. at 6, 8). Yet now, Richway balks at Glovis' "new legal theories" (fraud/misrepresentation claims) against both Richway and RAEL -- *all based on the ownership of and title to the equipment at issue* -- claiming they have been asserted "at the eleventh hour of this litigation" (Doc. 62 at 17). However, this issue is not a surprise to Richway.

Upon the filing of the motion to intervene by RAEL, the parties were made aware (and also independently made clear to the Court) that they dispute ownership of the equipment -- a matter which goes to the heart of RAEL's status as a necessary party and a matter currently the subject of discovery per Doc. 43, which closes on September 30, 2019. Richway has *already* been charged with conducting discovery -- along-side RAEL and Glovis -- on this very issue since May 25, 2019 per Doc. 43. At present, discovery is ongoing, and will not close until September 30, 2019. As such, to the extent Richway has a need for additional discovery as to Glovis' "new" fraud-based claims, it has time to conduct such and has not satisfactorily articulated to the Court a need for other or more specific discovery which could not be completed within the existing schedule. As the decision to grant or deny leave to amend rests in the sound discretion of the court, Maynard v.

Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003), the Court finds, *under these circumstances*, that Glovis' amended complaint is timely filed and allowed.

Additionally, Glovis' remand contentions lack merit, as does Richway's position that RAEL is non-diverse. The citizenship before the Court is as follows: Glovis (California); Richway (Texas); and RAEL (Alabama). Namely, Intervenor Defendant RAEL is an Alabama corporation with its principal place of business in Alabama -- i.e., RAEL is an Alabama citizen.[3] Defendant Richway is a Texas corporation with its principal place of business in Houston, Texas -- i.e., Richway is a Texas citizen. (Doc. 3 at 1; Doc. 37 at 2 at ¶2).[4] Glovis is an Alabama LLC whose only member is its parent company, Glovis America, Inc., a California corporation, whose principal place of business is Irvine, California. (Doc. 1 at 2 at ¶4; Doc. 1-2 at 1 at ¶1; Doc. 7; Doc. 10 at 2 at ¶4). For diversity purposes, Glovis is a California citizen only – not Alabama. This is because the principal place of business of an LLC is *irrelevant* (LLC citizenship is only determined by the citizenship of the LLC's members – not the state of the LLC's incorporation or the LLC's principal place of business). As such, only the principal place of business of Glovis' member that is a corporation (Glovis America, Inc. -- Irvine, California) is relevant.[5] Indeed, the

---

[3] To allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021–22; 28 U.S.C. § 1332(c)(1). Per Section 1332(c)(1), a corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.

[4] Id.

[5] "For diversity purposes, the citizenship of an LLC depends on the citizenship of each member composing the organization." Landstar Global Logistics, Inc., 2009 WL 997222, at *1 (citing Rolling Greens MHP, L.P., 374 F.3d at 1021–22). "[T]he citizenship of a limited liability company is based on the citizenship of its members, rather than its state of incorporation and the state of its principal place of business[.]" Allegheny Cas Co. v. United Const. Co. of Cent. Fla., Inc., 2013 WL 1344588, *1 (M.D. Ala. Feb. 6, 2013 (Report & Recommendation)) (citing Landstar Global Logistics, Inc. v. Total Transp. Serv. LLC, No. 3:08–cv–1212–J–32JRK, 2009 WL 997222, at * 1 (M.D.Fla. April 14, 2009) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021–22 (11th Cir.2004))). See also Beal Bank USA v. Kelley, 2014 WL 12577114, *1 (N.D. Ga. Mar. 11, 2014): "An LLC's state of formation

Court previously explained the diversity issue for Glovis in Doc. 6.  In other words, RAEL is a *diverse* intervenor defendant.  Thus, Glovis' motion to remand and that portion of Richway's motion to strike based on same are **DENIED.**

Further, Richway's reply suggests that while necessary, RAEL is *dispensable*.  (Doc. 66 at 1).  The Court cannot agree. Richway's position hinges on two (2) arguments: 1) a jurisdictional analysis requiring a nondiverse defendant to maintain diversity post-removal; and 2) Rule 19's joinder application.  However, as detailed *supra*: 1) RAEL is diverse; and 2) there has been no addition or joinder of RAEL.  Also, Richway has not cited any case law establishing that a party can be necessary but also simultaneously dispensable under circumstances akin to those here.  As such, Richway's dispensable but necessary party contentions lack merit, *as presented*, and the Court need not address them further at this juncture.

### III.  Conclusion

Upon consideration, it is **ORDERED** that Richway's motion to strike is **DENIED**; Richway's motion for a 14-day extension of time within which to respond to Plaintiff's amended complaint (Doc. 62) is **GRANTED**; and Glovis' motion to remand (Doc. 65) is **DENIED.**  Further, for clarification, Glovis' amended complaint (Doc. 58) is now the operative complaint.

**DONE** and **ORDERED** this the **27th** day of **August 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

and principal place of business are irrelevant for diversity determinations[]"); 2 RIBSTEIN AND KEATINGE ON LTD. LIAB. COS. § 13:6: "While an LLC is a citizen of every state of which a member is a citizen, unlike a corporation, is not a citizen of its state of organization or of its principal place of business for diversity purposes unless a member is a citizen of that state[ ]."